United States District Court
Southern District of Texas
**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO.: 2:23-MJ-00775-1 |
| | § | |
| GERARDO ALEXIS LARA | § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f).  The Court finds that detention of defendant Gerardo Alexis Lara pending trial in this case is appropriate: there is no condition or combination of conditions that would reasonably assure the appearance of Defendant as required.

The Bail Reform Act provides that, if the judicial officer determines that a Defendant's release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the Defendant's pretrial release subject to certain specified conditions.  *See* 18 U.S.C. § 3142(c)(1).  If the judicial officer determines, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial.  18 U.S.C. § 3142(e)(1).

In this case, Defendant is charged with a serious offense under 8 U.S.C. § 1324.  The Court finds that detention of Defendant pending trial is appropriate.  The Court adopts the information detailed in the Pretrial Services Report and has also considered the information in the criminal complaint.  Defendant is a United States citizen, has family ties in this district and provides for a partner and several children, has a lengthy employment history in the oil industry,

and is currently employed as an oil rigger earning approximately $6,800 per month. Nevertheless, as discussed here, Defendant is a poor candidate for bond in this case.

The Court observes that the weight of the evidence in this case appears strong and that the nature of Defendant's alleged transport of undocumented aliens posed significant risk of harm to law enforcement, Defendant, and Defendant's passengers, which included an unrestrained three-year-old child. Upon arrival at the United States Border Patrol Checkpoint near Falfurrias, Texas, Defendant was instructed, as the driver of the vehicle, to pull over for a secondary screening when the Border Patrol agent observed what appeared to be a human forehead protruding from a black plastic bag on the floorboard of the vehicle, under the feet of a crying child in an unrestrained safety seat. Defendant disregarded the agent's instruction and accelerated away from the checkpoint and onto the highway, sparking Border Patrol agents' pursuit of the vehicle until they were advised of the unrestrained child in the vehicle's rear seat. Upon locating the vehicle and apprehending Defendant and the visible passengers at a rest stop, Border Patrol agents found two other undocumented aliens who were concealed in the rear floorboard area of the vehicle. Defendant's role in smuggling three undocumented aliens, in addition to ignoring a Border Patrol agent's order, prompting a highway chase with an unrestrained young child in the vehicle, strongly informs the Court's decision-making in determining whether Defendant is likely to abide by any bond condition.

Also significant is Defendant's proclivity for disobeying law enforcement and his extensive criminal history. Defendant has been previously convicted of resisting search and arrest, failing to stop and give information to a police officer, forgery (two separate felony convictions), and robbery, among other serious criminal offenses. Moreover, Defendant allegedly committed the instant offense while on state bond pending felony charges for making a

terroristic threat to murder a peace officer and unlawful possession of a firearm by a felon. Because of this pending federal charge, the Court was informed that the state court would likely revoke Defendant's bond in those cases, which could render Defendant unavailable for proceedings in this case. The actions of Defendant in this case, including his attempted escape from the Border Patrol checkpoint with an unrestrained child in the vehicle, coupled with his history of resisting law enforcement and criminal offenses, and his alleged commission of the instant offense while on bond for charges of terroristic threats and being a felon in unlawful possession of a firearm, demonstrate to the Court by a preponderance of the evidence that Defendant will not abide by any bond conditions that the Court might set and that he presents an unreasonable risk of flight. For these same reasons, the Court also finds by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others or the community if Defendant were to be released on bond.

    Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

    ORDERED on November 2, 2023.

                                        MITCHEL NEUROCK
                                        United States Magistrate Judge